UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:20-cr-138-CEH-JSS

LUIS ELIAS ANGULO LEONES,
JHONIS ALEXIS LANDAZURI
ARBOLEDA and
DILSON DANIEL ARBOLEDA
QUINONES
_____/

# ORDER

This matter comes before the Court on the Defendants' Motion *in Limine* (Doc. 313), filed on September 24, 2021. In the motion, Defendants seek an order excluding untimely discovery which Defendants argue has caused them prejudice and interfered with their constitutional right to receive evidence. The Government filed a response in opposition. Doc. 317. A hearing on the motion was held October 6, 2021. The Court, having considered the motion and being fully advised in the premises, will deny Defendants' Motion *in Limine*.

## DISCUSSION

In their motion, Defendants argue the Government has failed to comply with its discovery obligations in several respects. First, Defendants contend that the Government failed to comply with the Magistrate Judge's discovery order requiring the disclosure of any outstanding discovery and information within the scope of Fed.

R. Civ. P. 16 by July 9, 2021.[1] Defendants complain that over 300 pages of discovery and hundreds of audio recordings were provided after July 9, 2021, and much of it during the month of September 2021. The Government was also ordered to produce all exculpatory material "no later than fourteen (14) days before trial." Doc. 230.

As to the specific discovery challenged as being late or incomplete, Defendants raised the following categories of discovery in their motion, which were addressed in turn at the hearing: (A) drug and laboratory discovery; (B) jail house calls; (C) notice of unindicted co-conspirators; (D) smooth logs and Garmin printouts. For the reasons discussed below and at the hearing, the Court will deny the Defendants' request for an order excluding the Government's evidence as untimely produced.

A.  Drug and Laboratory Discovery

As to the drug and laboratory evidence, the Court finds the DEA lab report produced on July 14, 2021, should not be excluded as untimely. Although the report was due by the Magistrate Judge's discovery deadline of July 9, 2021, the production of the report on July 14, 2021 did not prejudice Defendants. The AUSA's decision to hand-deliver the report when counsel were present for a hearing on July 14, rather than placing it in the mail on July 9, was not an unreasonable decision, was not done in bad faith, and did not result in prejudice. Additionally, as discussed at the hearing, the defense received the case package on April 15, 2020, which included photos of the Coast Guard removing bales of suspected contraband from the Defendants' vessel and

---

[1] The initial Rule 16 discovery order required the Government to comply with its disclosure requirements by April 16, 2020. Doc. 25.

2

the results of narcotics identification kit testing, which revealed a presumptive positive for cocaine. There was an April 15, 2020 initial discovery letter that notified the defense of the Government's intent to use expert testimony regarding the results and significance of the drug laboratory and field testing done in the case. Defendants have failed to show any prejudice resulting from receiving the report on July 14 instead of July 9, 2021.

Regarding the DEA-6 report dated September 1, 2021, that corrected a December 31, 2020 report previously produced and the DD form 1149 that depicts the entire Coast Guard chain of custody, the Court finds such documents are more in the nature of exculpatory evidence in that a correction was needed or as *Jencks* act material, which deadline for production had not yet expired.

As for the three additional photographs of the bulk cocaine seizure produced on September 16, 2021, the Court noted that the AUSA received those photographs on September 15, 2021 and produced them the next day. Thus, the Court finds no bad faith by the Government in failing to produce those photographs earlier. Defendants have failed to demonstrate prejudice sufficient to warrant exclusion of the photographs. Defense counsel previously received photographs in the case package, did not request an evidence viewing of the drug and non-drug evidence until September 16, 2021, had the opportunity for an initial view of the drug sample in early October 2021, and had the opportunity to view the bulk seizure at the DEA lab in Miami on October 13, 2021. The motion is denied as to the drug and laboratory discovery.

### B. Jail House Calls

It appears that recordings of the calls were provided to Defendants on July 14, 2021, and although that was after the July 9 deadline due to the AUSA's decision to hand deliver rather than mail the items, Defendants have shown no prejudice from receiving the recordings on the 14th instead of the 9th. And although transcripts of the calls were not provided by the Government, the recordings were, for all intents and purposes, provided timely. Moreover, as discussed at the hearing, the Government does not intend to use the jail house calls (except for possibly the initial calls) as to two of the Defendants. Thus, the Court declines to exclude the jail house calls as untimely. Defendants may raise specific objections at trial as to particular jail house calls.

### C. Unindicted Co-conspirators

Defendants' motion argues that the Government has failed to produce the names of unindicted co-conspirators as ordered by the Court. On December 11, 2020, the Magistrate Judge ordered the production of the names of unindicted co-conspirators. Doc. 143. As noted by the Government's response, the order did not include a production deadline. On July 21, 2021, in a sealed order, the Magistrate Judge ordered the names produced within five days. Doc. S-254. The Government represents that the names were provided on July 19, 2021. Doc. 317 at 9. Defendants do not refute this. Thus, the motion is due to be denied as to the unindicted co-conspirators.

D.     Smooth Logs[2] and Garmin GPS Information

According to the Government, the smooth logs for March 10–11, 2020 were produced on April 15, 2020 as part of the case package. The *Mohawks*' logs covering the period from March 11, 2020 through March 29, 2020 were produced on July 20, 2021, and the *Hamilton*'s logs covering the period from March 29, 2020 through April 3, 2020 were produced to defense counsel for Arboleda Quinones on July 12, 2021.[3] Additionally, an August 25, 2021 translation of a defense statement made during the right of visit boarding to Petty Officer Luis Saenz (who served as the interpreter during the interdiction) was produced on September 1, 2021, in a *Brady* notice.

Regarding the Garmin GPS printouts, the Government gave notice of its intent to call an agent or digital forensics expert to testify about the data recovered from the electronic devices in its initial discovery letter of April 15, 2020. The case package included photographs of the Garmin GPS 72 that was discovered on the Defendants' vessel. On June 5, 2020, the Government disclosed the raw data extracted from the Garmin including Google Earth screen shots. On September 1, 2021, the Government supplemented its disclosure of April 15, 2020 by providing the CV of the agent that will testify regarding his extraction of the GPS device and his report.

As discussed at the hearing, the Government has a continuing obligation to turn over *Brady/Giglio* material, *Jencks* material, and Rule 16 discovery. The materials

---

[2] "Smooth logs" are the Coast Guard Cutter's logs.
[3] The production of the *Hamilton*'s logs was in conjunction with the hearing on Defendant Arboleda Quinones's motion to suppress his statement.

5

provided in September appear to be appropriate supplementation of the Government's prior disclosures. Given its duty to supplement discovery, there is no evidence of bad faith on the part of the Government. Moreover, there is no evidence that any of the supplemental disclosures, to the extent they were untimely, caused prejudice to Defendants. The Court notes that despite multiple status conferences, held recently, in this matter, no Defendant has requested a continuance due to any claimed prejudice associated with the materials produced or the timing of the production.

Accordingly, it is hereby

**ORDERED**:

1.  Defendants' Motion in Limine (Doc. 313) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 14, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any