UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 8:20-cr-138-CEH-JSS

LUIS ELIAS ANGULO LEONES
_____/

**ORDER**

This matter comes before the Court on the Defendant Luis Elias Angulo Leones' Motion *in Limine* to Exclude Testimony Pursuant to Federal Rules of Evidence 401-403 and 702-705 (Doc. 45).[1] In the motion, Defendant seeks an order limiting the testimony of Coast Guard and other government witnesses regarding maritime narcotic smuggling operations, ultimate issue testimony regarding *mens rea* that must be proven by independent evidence, and improper expert testimony regarding international drug smuggling in general. The Government filed a response in opposition. Doc. 304. The Court heard argument on the motion on September 16, 2021. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Defendant's Motion *in Limine* to Exclude Testimony Pursuant to Federal Rules of Evidence 401–403 and 702–705.

---

[1] Codefendants Landazuri Arboleda and Arboleda Quinones moved to adopt Angulo Leones' motion (Docs. 47, 52). Thus, the Court's ruling herein applies to all Defendants.

## DISCUSSION

A March 19, 2020 indictment charged Angulo Leones and his two co-Defendants with possession and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States. The charges arose after Defendants were interdicted in international waters of the Eastern Pacific Ocean by the United States Coast Guard on March 10, 2020, and a search of their go fast vessel ("GFV") led to the discovery of significant quantities of cocaine hidden under false decking of the GFV.

Following the indictment, the Government sent an initial discovery letter dated April 15, 2020, in which it provided notice of its intent to call certain lay and expert witnesses including:

> PANEX agents, Coast Guard personnel, and other government-affiliated personnel to testify about international maritime drug smuggling, the value of cocaine, how drug smuggling operations work, drug smuggling activity in the area in which the defendants were interdicted, and the use of vessels and equipment such as that possessed by the defendants, including their use in international drug smuggling.

Doc. 304 at 2. The letter further disclosed that these personnel would discuss, among others, the following topics: "common recruiting, hiring and employment patterns and practices of such maritime drug trafficking organizations, including the instructions these organizations give to their mariners in the event of an interdiction," and "the wholesale/retail values and packaging of the cocaine involved, and the common

maritime smuggling methods, points of departure and routes utilized by such operations when they transport shipments of cocaine." *Id.*

Defendants seek an order precluding the Government from introducing such testimony, from either lay or expert witnesses, on the grounds that the evidence of general drug smuggling is irrelevant to the facts of this case and any probative value is outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. Doc. 45. Additionally, Defendants claim that such matters would be cumulative and a waste of the Court's time.

In response, the Government relies on Eleventh Circuit case law in which evidence regarding methods of operation unique to the drug business and officers' testimony based on their experience and particularized knowledge has been found to be admissible. *See* Doc. 304 at 4–6 and cases cited therein; *see also United State v. Butler*, 102 F.3d 1191, 1199 (11th Cir. 1997) (agent's testimony about a means of packaging money peculiar to drug dealers was relevant and not barred by Fed. R. Evid. 403); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (admission of officers' testimony "based upon their particularized knowledge garnered from years of experience within the field" was not error)). Indeed, maritime drug smuggling cases from the Eleventh Circuit have found this type of experiential and particularized knowledge testimony to be admissible. *See, e.g., United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) (upholding admission of government witness testimony regarding vessel being a "go-fast" vessel and testimony that such vessels are commonly used in drug smuggling).

3

Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial*." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (emphasis in original) (citation omitted). "A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

As discussed at the hearing, the Court acknowledges that ample case law exists in the Eleventh Circuit upholding the admission of testimony by law enforcement officers in criminal cases regarding the officers' experience and training as it relates to drug transactions. However, because the admission or exclusion of such testimony will necessarily depend on foundations laid at trial, the relevancy of the anticipated testimony, and the qualifications of certain witnesses, the Court is unable to making a pre-trial ruling on Defendant's motion. Thus, Defendant's motion *in limine* is due to be denied, without prejudice, to Defendants raising any objections, as appropriate, during the trial. Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion *in Limine* to Exclude Testimony Pursuant to Federal Rules of Evidence 401-403 and 702-705 (Doc. 45) is **DENIED, without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on October 14, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any