UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                   CASE NO: 8:20-cr-138-CEH-JSS

LUIS ELIAS ANGULO LEONES,
JHONIS ALEXIS LANDAZURI
ARBOLEDA, and
DILSON DANIEL ARBOLEDA
QUINONES
_____/

**ORDER**

This matter comes before the Court on Defendants' Joint Motion to Exclude Late-Provided Jail Call Evidence (Doc. 407), filed on February 26, 2022. In their motion, Defendants request entry of an order excluding from evidence at trial the statements made by Defendant Dilson Daniel Arboleda Quinones in jail calls with his sister in January and June 2021. The Court, having considered the motion and being fully advised in the premises, will deny Defendants' Joint Motion to Exclude Late-Provided Jail Call Evidence.

**DISCUSSION**

A March 19, 2020 indictment charged Defendants Luis Elias Angulo Leones ("Angulo Leones"), Jhonis Alexis Landazuri Arboleda ("Landazuri Arboleda"), and Dilson Daniel Arboleda Quinones ("Arboleda Quinones") (collectively "Defendants") with possession and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United

States. Doc. 1. In this action brought under the Maritime Drug Law Enforcement Act ("MDLEA"), Defendants move for an order excluding "late-provided" jail call statements made by Defendant Arboleda Quinones. On February 10, 2022, defense counsel was advised by the Government that it intended to use at trial two of Arboleda Quinones's jail calls, which were previously disclosed to counsel for that Defendant on October 18, 2021. Doc. 406 at 2. On February 23, 2022, the Government provided defense counsel with translated transcripts of the jail calls, in which Arboleda Quinones allegedly incriminates himself. Defendants submit this jail call evidence should be excluded because its disclosure seven months after the discovery deadline is late and because admission of the jail call evidence would necessitate a severance of one of the Defendants at this late date, a week from the trial start date. Defendants Angulo Leones and Landazuri Arboleda seek an order excluding the jail calls or severing Defendant Arboleda Quinones from the case.[1]

At issue are two jail calls between Arboleda Quinones and his sister. On January 17, 2021, in a telephone call between Arboleda Quinones ("DAQ") and his sister, the following exchange occurred:

| Sister: | Oh, yes, my love. That's how it has to be. Has to be, sweetie, because when one – one makes decisions-does things that aren't right, well, one has to accept what's coming, right? |
|---|---|
| DAQ | Of course, it's nobody's fault- |
| Sister | {overlapping} no |
| DAQ | {overlapped} -no. It's my fault. |

---

[1] Defendants' arguments regarding severance are made in the Defendants' motion at Doc. 406, which the Court addresses by separate order.

Doc. 413-2 at 3. And in a June 6, 2021 jail call, the following exchange occurred between Arboleda Quinones and his sister:

DAQ: Yes, sis, thank you. And- and I was also going to tell you that- that I apologize for- for having made the- that decision and- of having-of having come [{U/I – 2 syllables} motorboat. And that- and that if when- and that if later on, if you {all} can continue supporting me. Even if it's little by little.
Sister: {Overlapping} You- you- you know that if it can be done, it can be done, right?

Doc. 413-1 at 3.

In support of their motion, Defendants argue the jail calls were supposed to be turned over before July 9, 2021 and were not. Additionally, Defendants argue four other reasons to support exclusion of the calls: (1) the Government stipulated in October 2021 that it did not intend to introduce jail call evidence at trial; (2) Angulo Leones and Landazuri Arboleda are additionally prejudiced because they have not been provided the 2021 jail calls, cannot rely on the Government's transcripts, and will have no time to have the calls transcribed before the start of trial; (3) the Defendants prepared their joint defense based on the Government's stipulation that it did not intend to use jail calls and allowing the jail call evidence at this late date prejudices Defendants; and (4) use of these calls would cause the trial defense of Angulo Leones and Landazuri Arboleda to be "fatally inconsistent" with the trial defense of Arboleda Quinones. Doc. 407 ¶¶ 10–14. Defendants request this Court uphold its prior order that the jail calls are not to be used at trial.

The Government responds that the Court has already ruled on and rejected the exclusion of the jail calls on the basis of timeliness. Specifically, the Court held, given

the continuance of the trial in October 2021, no further sanction was warranted regarding the jail calls. *See* Doc. 374 at 7. The Court further notes that the issue of jail calls was first addressed in the Court's order of October 14, 2021, following a hearing conducted October 6, 2021. Doc. 352. The Court found that Defendants were not prejudiced due to their receipt of the recordings on July 14, instead of July 9, 2021, which was the discovery deadline. *Id.* at 4. Thus, the issue of timeliness as to those calls has already been addressed and resolved by the Court. As noted in the Government's response, the calls produced on October 8, 2021, did not come into the Government's possession until September 2021.

As for Defendants' contention that they should be able to rely on the Government's stipulation that it did not intend to use the jail calls, such stipulation was made with respect to the October 2021 trial. The Government specifically advised Defendants on October 22, 2021, in its response filed in opposition to the Defendants' October request for a continuance, that the Government intended to continue to monitor the Defendants' jail phone calls and "may use them in its case in chief or on rebuttal in a future trial." Doc. 366 at 16–17. Thus, Defendants' argument that the Government stipulated to not using the jail calls in future trials is unavailing. Similarly, Defendants' claim of prejudice to their joint defense based on an expectation that the jail calls will not be used is without merit, given the Government's clear statement that it may use jail calls in a future trial. Lastly, as to Defendants' concern that the trial defenses will now be "fatally inconsistent," Angulo Leones and Landazuri Arboleda may still argue that they were not knowing and voluntary participants in the voyage.

This is so even if the jury believes that Defendant Arboleda Quinones was a knowing and willing participant. Thus, the Court is unpersuaded that admission of the jail calls is "fatal" to Angulo Leones and Landazuri Arboleda's defense.

The Court previously ruled that no prejudice resulted from any delay in producing the jail calls, but to the extent there could be any prejudice, such was cured by the Court granting the continuance of the October 2021 trial and no further sanction was warranted regarding the jail calls. *See* Doc. 374 at 7. Additionally, there is no surprise to the Defendants here given that counsel for Arboleda Quinones had the jail calls since October 2021, and all Defendants were made aware on October 22, 2021 that the Government intended to use jail calls when the case was rescheduled for trial in the future. As for Defendants' claim that they are not able to get the calls transcribed themselves, this argument is unpersuasive. The Government's translator is a federally certified translator and one who has provided translating services in this case on multiple occasions. Further, the calls at issue are short and there are many federally certified translators who can translate the calls for Defendants. Finally, the Court agrees with the Government that the Defendants have known for some time in this case that the defense strategy may have to be adjusted due to alleged inculpatory statements made by Arboleda Quinones, who first made an inculpatory statement on April 3, 2020, which was the subject of multiple motions to suppress. Additionally, Officer Saenz testified in December 2021 as to statements made by this same Defendant.

As discussed more thoroughly in the Court's Order on the motion to sever, Arboleda Quinones's jail calls do not implicate the other two Defendants. Thus, Defendants fail to establish prejudice or surprise to warrant the exclusion of the jail calls. Accordingly, it is hereby

**ORDERED**:

1. Defendants' Joint Motion to Exclude Late-Provided Jail Call Evidence (Doc. 407) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on March 2, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any