UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO: 8:20-cr-138-CEH-JSS

LUIS ELIAS ANGULO LEONES
and
JHONIS ALEXIS LANDAZURI
ARBOLEDA
_____/

# ORDER

This matter comes before the Court on Defendants Luis Elias Angulo Leones and Jhonis Alexis Landazuri Arboleda's Joint Motion to Exclude Late Evidence or, in the alternative, to sever (Doc. 406), filed on February 25, 2022.[1] In the motion, Defendants Luis Elias Angulo Leones ("Angulo Leones") and Jhonis Alexis Landazuri Arboleda ("Landazuri Arboleda") request this Court enter an order excluding the jail calls of Co-Defendant Dilson Daniel Arboleda Quinones ("Arboleda Quinones") or, alternatively, to sever Arboleda Quinones from the trial scheduled to commence Monday, March 7, 2022. The Government filed a response in opposition. Doc. 412. The Court, having considered the motion and being fully advised in the premises, will deny Defendants' Joint Motion to Exclude Late Evidence or, in the alternative, to Sever.

---

[1] Defendants' arguments regarding the motion to exclude the jail call evidence are presented in the joint motion to exclude filed by all Defendants (Doc. 407), which the Court addresses by separate order and incorporates its Order by reference. *See* Doc. 416.

I.      BACKGROUND

A March 19, 2020 indictment obtained by the Chief of Transnational Organized Crime Section charged Angulo Leones, Landazuri Arboleda, and Arboleda Quinones (collectively "Defendants") with possession and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), 18 U.S.C. §§ 2 and 21, and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. 1. The charges arose after Defendants were interdicted in international waters of the Eastern Pacific Ocean by the United States Coast Guard on March 10, 2020, and a search of their go-fast vessel ("GFV") led to the discovery of 430 kilograms of cocaine hidden under false decking of the GFV. Docs. 120-1 at 1–2; 124 at 142–43.

After being rescheduled multiple times, this action is scheduled to go to trial on Monday, March 7, 2022. *See* Doc. 402. The case was previously scheduled for trial on September 13, 2021, but due to the increased positivity rate of Coronavirus infections resulting from the delta variant, the trial of the case was continued. Doc. 296. The trial was rescheduled to October 18, 2021. Doc. 309. On the Friday before trial, Defendants moved to continue the trial based on the Government's alleged discovery violations. Doc. 359. At the hearing held October 15, 2021, the Court orally granted the motion to continue, and the trial was continued. Doc. 360. The case was specially set for trial on January 10, 2022. Doc. 362.

In an order dated November 22, 2021, the Court addressed the alleged discovery violations. Doc. 374. One of the issues addressed by the Court's order was the jail

2

house calls of Arboleda Quinones, which are at issue again on the instant motion. Regarding jail calls, the Court stated:

> Defendants previously moved *in limine* regarding the jail house calls. As discussed at prior hearings, it should be of no surprise to experienced defense counsel that the jail records inmates' phone calls and that such calls are routinely used by the Government in criminal cases. Any concern of prejudice regarding the timing of the production of recordings of the jail calls has been cured by the continuance granted. No further sanction is warranted.

Doc. 374 at 7.

On January 4, 2022, the trial of the case was continued due to the enormous uptick in positive Coronavirus cases in the counties that comprise the Middle District of Florida. Docs. 387, 395. The trial was continued to March 7, 2022. Docs. 390, 395.

According to the Government, on October 8, 2021, it disclosed to each Defendant his own jail phone calls spanning January 2021 through September 2021. Doc. 412 at 2. On February 10, 2022, the Government notified Defendant Arboleda Quinones of which calls it intended to use against him at trial. *Id.* In the Court's supplemental pretrial order, the Court ordered the Government to provide to defense counsel by February 25, 2022, the transcripts of the two five-minute jail phone calls the Government intends to use at trial. Doc. 402 ¶ 3. The Government indicates that it provided federally certified translated transcripts of the phone calls to all Defendants on February 23, 2022. Doc. 412 at 3.

Defendants Angulo Leones and Landazuri Arboleda move for an order excluding the jail calls or, alternatively, severing Defendant Arboleda Quinones from

3

the trial of this action. Angulo Leones and Landazuri Arboleda argue this evidence is prejudicial to them because the statements of the Co-Defendant in the jail calls implicate all three Defendants. The Government opposes the motion. Doc. 412.

## II. LEGAL STANDARD

The permissibility of joint trials is governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure. *United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir. 2004). Rule 8(b) of the Federal Rules of Criminal Procedure allows for the joinder of defendants in an indictment returned against a defendant. Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim P. 8(b).

Rule 14 of the Federal Rules of Criminal Procedure allows severance. It provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide other relief that justice requires.

Fed. R. Crim. P. 14(a). The decision to grant a motion for severance lies within the sound discretion of the trial judge. *United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir. 1988). When contemplating a motion for severance, the trial court must balance

the right of the defendant to a fair trial against the public's interest in the efficient and economic administration of justice. *Id.*

## III. ANALYSIS

The Eleventh Circuit has "identified four discrete circumstances in which severance may be required: where defendants rely on mutually antagonistic defenses; where one defendant would exculpate another in a separate trial, but will not testify in a joint setting;[2] where inculpatory evidence will be admitted against one defendant that is not admissible against another; and where a cumulative and prejudicial 'spill over' may prevent the jury from sifting through the evidence to make an individualized determination of guilt as to each defendant." *United States v. Mosquera*, 886 F.3d 1032, 1041–42 (11th Cir. 2018) (citing *United States v. Chavez*, 584 F.3d 1354, 1360–61 (11th Cir. 2009)).

### A. Antagonistic Defenses

"To prevail on the claim that severance is warranted due to antagonistic defenses, this circuit has stated that the appellants must show that the defenses were antagonistic to the point of being 'irreconcilable or mutually exclusive.'" *United States v. Perez-Garcia*, 904 F.2d 1534, 1547 (11th Cir. 1990) (citation omitted). Defendants do not directly address this factor in the instant motion but argue in their motion to exclude (which they incorporate into their motion to sever) that admission of Arboleda Quinones's statements would cause their trial defenses to be fatally inconsistent with

---

[2] In their motion, Defendants recognize there is no exculpatory evidence, and thus, that factor does not apply.

the defense of Arboleda Quinones. *See* Doc. 407 at 7. However, as the Government argues, the test is not whether the defenses are inconsistent, but whether they are mutually antagonistic, which Defendants fail to establish. Angulo Leones and Landazuri Arboleda may still argue that they were not knowing and voluntary participants in the voyage even if the jury believes Defendant Arboleda Quinones was a knowing and willing participant. Thus, this factor provides no basis for severance.

### B. Inculpatory Evidence

Angulo Leones and Landazuri Arboleda also argue that statements of a non-testifying defendant that incriminate another co-defendant can be grounds for severance. Doc. 406 (citing *Bruton v. United States*, 391 U.S. 123, 124 (1968)). In *Bruton*, "the Supreme Court held that the admission of a confession or statement by a non-testifying defendant which inculpates a co-defendant violates the co-defendant's Sixth Amendment right to confront a witness." *United States v. Beale*, 921 F.2d 1412, 1425 (11th Cir. 1991) (citing *Bruton*, 391 U.S. at 123). Angulo Leones and Landazuri Arboleda contend that exclusion of the jail calls or severance of Arboleda Quinones is required because the statements in the jail calls "directly implicate all three (3) defendants, with no differentiation between them." Doc. 406 5. However, review of the transcripts of the jail calls reveals no statement by Arboleda Quinones that directly implicates these Defendants, and the motion does not direct the Court to any such statement by Arboleda Quinones.[3] Regarding the specific statements at issue, in a

---

[3] The Court notes that in one of the transcripts Defendant Arboleda Quinones makes reference to his fellow co-defendants telling him about the trial date. Doc. 412-2. Based on the

6

January 17, 2021 jail call between Arboleda Quinones ("DAQ") and his sister, the following exchange occurred:

Sister:   Oh, yes, my love. That's how it has to be. Has to be, sweetie, because when one – one makes decisions-does things that aren't right, well, one has to accept what's coming, right?
DAQ      Of course, it's nobody's fault-
Sister   {overlapping} no
DAQ      {overlapped} -no. It's my fault.

Doc. 412-2 at 3. And in a June 6, 2021 jail call, the following exchange occurred between Arboleda Quinones and his sister:

DAQ:     Yes, sis, thank you. And- and I was also going to tell you that- that I apologize for- for having made the- that decision and- of having-of having come [{U/I – 2 syllables} motorboat. And that- and that if when- and that if later on, if you {all} can continue supporting me. Even if it's little by little.
Sister:  {Overlapping} You- you- you know that if it can be done, it can be done, right?

Doc. 412-1 at 3.

Angulo Leones and Landazuri Arboleda argue severance is required to avoid interference with each Defendant's substantial rights, including the right to confront the witness against them and to cross examine all alleged statements used against them. The Government responds that there is no *Bruton* violation here where Arboleda Quinones's statements do not directly inculpate, powerfully implicate, or even mention the Co-Defendants. The Court agrees. *Bruton* excludes only those statements

---

Government's response, it does not appear the Government intends to use that statement. *See* Doc. 412 at 2. The statements referenced in the Government's response and the translations included herein do not reference or implicate the Co-Defendants, Angulo Leones or Landazuri Arboleda. Moreover, the reference to a statement about a possible trial date does not inculpate the movants.

by a non-testifying defendant which directly inculpate a co-defendant. *Beale*, 921 F.2d at 1425. Because Arboleda Quinones's jail calls do not mention or implicate any other Defendant, and because a limiting instruction can be given after the evidence is elicited and closing instructions will be given admonishing the jury to consider evidence against each Defendant separately, Angulo Leones and Landazuri Arboleda have failed to carry their heavy burden of demonstrating that they are entitled to severance on this ground. *See Mosquera*, 886 F.3d at 1041 (holding "circumstances justifying severance are 'few and far between,' [and] a defendant seeking severance 'must carry the heavy burden of demonstrating that compelling prejudice would result from a joint trial'").

In *Mosquera*, a boat case that was tried in the Middle District of Florida, the Eleventh Circuit, in affirming the district court's denial of severance, explained:

> "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." [*United States v.*] *Lopez*, 649 F.3d [1222, 1233 (11th Cir. 2011]. We have explained that "defendants who are indicted together are usually tried together." *Id.* at 1234 (quotation omitted). And "[t]hat rule is even more pronounced in conspiracy cases." *Id.*

*Mosquera*, 886 F.3d at 1041. While the appellate court acknowledged this rule is not ironclad, the court clarified that it is not enough that a defendant may have a better result or a better chance of acquittal in separate trials. *Id.* That is the argument presented by Angulo Leones and Landazuri Arboleda here. The slight possibility that

8

the Co-Defendants may fare better in a separate trial without Defendant Arboleda Quinones is not enough to overcome Defendants' burden of demonstrating that compelling prejudice would result from a joint trial. Defendants were indicted together and a joint trial of Defendants is instrumental in ensuring consistent verdicts, fairness, efficiencies, and conservation of scarce resources.

### C. Individualized Determination

As for any alleged prejudicial spillover, the jury will be instructed on considering the case of each Defendant separately and individually. In relevant part, the jury will be instructed that they are to consider the case of each Defendant separately and individually, *see* Eleventh Circuit Pattern Jury Instr. B10.4, and that any statement or admission by one defendant is "not evidence about any other Defendant," *see* Eleventh Circuit Pattern Jury Instr. S2.2.

### D. Balancing Potential Prejudice and Public Interest

In considering a motion for severance, the Court must balance the potential prejudice to a defendant against the public's interest in the efficient and economic administration of justice. *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). The denial of severance is proper so long as jurors maintain the ability to "collate and apprize the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct." *Simon*, 839 F.2d at 1472–73 (quoting *United States v. Zicree*, 605 F.2d 1381, 1389 (5th Cir. 1978). Severance need not be granted in every case where the jury's task of distinguishing the evidence is difficult. *Id.* Instead,

severance is only proper when the defendant can demonstrate that a joint trial will result in "specific and compelling prejudice" to his defense and that such prejudice would impose "fundamental unfairness." *Alvarez*, 755 F.2d at 857. The Court has carefully considered the statements of Arboleda Quinones in the context of movants' theory of the case and finds the statements do not implicate movants and that prejudice will not result from a joint trial. Further, judicial administration and economy weigh in favor of a joint trial. Accordingly, for the reasons stated above and in the Government's response, it is hereby

**ORDERED:**

1. Defendants' Joint Motion to Exclude Late Evidence or, in the alternative, to sever (Doc. 406) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on March 2, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any