UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                           CASE NO: 8:20-cr-138-CEH-AAS

LUIS ELIAS ANGULO LEONES
_____/

# ORDER

This matter comes before the Court on Defendant Luis Elias Angulo Leones' Motion for Modification of Term of Imprisonment under 18 U.S.C. § 3582(c)(2) (Doc. 625), filed on November 21, 2025. In the motion, Defendant requests retroactive application of the Sentencing Commission's recent amendment to the guidelines regarding "minor role," which went into effect on November 1, 2025. The Government filed a response in opposition. Doc. 629. Also pending is Defendant's request for appointment of counsel for purposes of seeking a reduction in his sentence. Doc. 626. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Modification of Term of Imprisonment under 18 U.S.C. § 3582(c)(2).

## DISCUSSION

A March 19, 2020 indictment charged Defendant Luis Elias Angulo Leones ("Angulo Leones" or "Defendant") and his two co-defendants with possession and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§

70503(a), 70506(a) and (b), 18 U.S.C. §§ 2 and 21, and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. 1. The case proceeded to trial against all three Defendants, and on March 11, 2022, a jury found defendants guilty of Counts One and Two of the Indictment. Docs. 444, 445, 446. Angulo Leones was sentenced on July 27, 2022, to 151 months in prison as to each of Counts One and Two, with the terms to run concurrently. Doc. 505 at 3. Angulo Leones appealed his judgment on July 27, 2022 (Doc. 509), and the Eleventh Circuit affirmed his conviction on January 30, 2024 (Doc. 591).

Before the Court is Angulo Leones' pro se motion for a reduction in his sentence under § 3582(c)(2). Doc. 625. Specifically, he seeks retroactive application of the Sentencing Commission's amendment that went into effect on November 1, 2025, providing for a two-point reduction for "minor role." As indicated in the Government's response, Angulo Leones did not receive a minor role reduction at the time of his sentencing in July 2022. *See* Docs. 629 at 1; 463 at 6; 506.

The effect of the Sentencing Guidelines Amendment 833 was "to address concerns that §2D1.1 [Unlawful Manufacturing, Importing, Exporting or Trafficking] and §3B1.2 (Mitigating Role) as they currently apply in tandem do not adequately account for the lower culpability of individuals performing low-level functions in a drug trafficking offense." https://www.ussc.gov/guidelines/amendment/833. The amendment, which went into effect November 1, 2025, "specifies that the mitigating role provisions in §2D1.1(a)(5) and the 2-level reduction at §2D1.1(b)(17) apply regardless of whether the defendant receives the §3B1.2 adjustment by direct application of §3B1.2 or by use of the special instruction in §2D1.1(e)(2)(B). This

2

instruction ensures that any individual who receives a mitigating role adjustment, regardless of the mechanism, may also receive the reductions in §2D1.1(a)(5) and §2D1.1(b)(17)." *Id.* Defendant argues that he is entitled to a reduction in his sentence under this new amendment because he played a "minor role" in the charged offense.

> Relevant here, the policy statement to the Sentencing Guidelines provides:
>
> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

§ 1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), Fed. Sent. L. & Prac. § 1B1.10(a)(1) (2025 ed.). "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) *if*— (A) *none of the amendments listed in subsection (d) is applicable to the defendant*." *Id.* (emphasis added). In reviewing what is a "Covered Amendment" under subsection (d), it is apparent that Amendment 833 is not covered by this policy statement. *See* § 1B1.10(d) (identifying the following Amendments as being covered under this section: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

Because Amendment 833 is not a "Covered Amendment" under this policy statement, the Court may not retroactively apply it to a defendant who is serving a term of imprisonment in order to reduce his sentence under 18 U.S.C. § 3582(c)(2). Accordingly, Defendant's motion is due to be denied.

Defendant's request for appointment of counsel (Doc. 626) is also due to be denied. The Eleventh Circuit has held there is no constitutional or statutory right to counsel for a § 3582(c)(2) motion. *See United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). Given the Court's conclusion above that Amendment 833 may not be applied retroactively to reduce Angulo Leones' sentence, the Court exercises its discretion to not appoint counsel to represent Defendant on that motion. It is hereby

**ORDERED**:

1. Defendant's Motion for Modification of Term of Imprisonment under 18 U.S.C. § 3582(c)(2) (Doc. 625) is **DENIED**.

2. Defendant's Motion to Appoint Counsel (Doc. 626) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 10, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Luis Elias Angulo Leones, pro se
Counsel of Record
Unrepresented Parties